**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PARDEEP KUMAR,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-1615** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, Pike County Correctional Facility,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Pending before the court is petitioner Pardeep Kumar's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Kumar's petition will be **GRANTED**.

## I. BACKGROUND

Petitioner Pardeep Kumar is a citizen of India. (Doc. 9-2 at 2). He entered the United States at an unknown location on an unknown date sometime on or before October 27, 2024, when he filed an I-589 application. *Id.* at 4.

On December 23, 2025, Slate Belt Regional Police Department in Pennsylvania arrested Kumar for theft by unlawful taking. *Id.* at 4. He was subsequently charged in the Northampton County Court of Common Pleas. *Id.* The day after Kumar's arrest, Immigration and Customs Enforcement

("ICE") officers encountered him at the Northampton County Prison and an immigration detainer was issued. *Id.* at 3.

On February 27, 2026, Kumar was released from Northampton County Prison on bond, but he was immediately arrested by ICE officers and taken to Pike County Correctional Facility, where he is currently detained. *Id.* A Notice to Appear was then issued charging him as an alien present in the United States without admission or parole and not in possession of proper documentation, in violation of §§212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Doc. 9-4).

On April 1, 2026, Kumar's criminal charge was dropped. (Doc. 9-3). On June 12, 2026, Kumar filed the present petition for writ of habeas corpus. (Doc. 1). On July 7, 2026, Respondent filed a brief in opposition. (Doc. 9). No reply brief was filed. The petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a

discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held

that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Kumar is detained under 8 U.S.C. §1226(c), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

**c. Kumar's detention under 8 U.S.C. §1226(c) is improper.**

8 U.S.C. §1226(c)(1)(E)(i)-(ii) provides that "[t]he Attorney General shall take into custody" anybody who is inadmissible as an alien present without admission or without proper documentation, who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting."

Here, Kumar was arrested and charged with theft by unlawful taking. (Doc. 9-3). However, the charge was later dropped. *Id.* Respondent argues that §1226(c) still applies even though the charge was dropped. However, Kumar is neither charged with, convicted of, nor has he admitted to any actions constituting unlawful taking. The only basis the court could see the Respondent staking this argument on is the fact that Kumar was arrested for unlawful taking. However, a common-sense reading of "is arrested for" dictates the conclusion that §1226(c) does not apply to Kumar. Rather, "is arrested for" seems to contemplate an individual who has been arrested and has not yet been but will be charged with an offense. Given that Kumar's charge has been *nolle prossed* since his arrest, there is no basis for the Government to continue to detain him under §1226(c). If the Government were allowed to detain anyone who has been arrested on suspicion of a crime, even where charges were later dropped and/or the individual was never found guilty, it would open the door to individuals being arrested—and not necessarily even charged—on whatever dubious grounds the Government decides are necessary for §1226(c) detention, which precludes a bond hearing. Such a reality clearly would not comport with due process.

Because §1226(c) mandatory detention does not apply, Kumar's detention falls under 8 U.S.C. §1226(a) discretionary detention. Under

§1226(a), the Attorney General may arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien;" and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing, but not entitled to a second bond hearing after their first has been denied).

**d. Kumar's detention under 8 U.S.C. §1226(c) violates due process**

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. Const. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To determine whether a habeas petitioner's detention violates due process, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Application of the factors reveals a clear violation of due process. First, the "most elemental of liberty interest[s]—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Second, Kumar's erroneous detention under §1226(c) comes with a lack of procedural safeguards, including the opportunity for a bond hearing, which makes it extraordinarily difficult to challenge his detention. *Cunin v. McShane*, 2025 WL 3542999, at *2 (M.D.Pa. Dec. 10, 2025) ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely"). Third, while the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community,"

there is no such need here. *Quispe*, 819 F.Supp.3d at 373 (citing *Zadvydas*, 533 U.S. at 690). Kumar faces no criminal charges, and Respondent has given no indication that he constitutes a flight risk.

Thus, upon weighing of the *Mathews* factors, the court finds that Kumar's continued detention under §1226(c) violates his procedural due process rights, warranting release.

## IV. CONCLUSION

For the foregoing reasons, Kumar's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED**. Respondent will be ordered to immediately release Kumar, and the Government will be permanently enjoined from re-detaining him under 8 U.S.C. §1226(c) on the basis of the dropped charge. The Government will also be temporarily enjoined from re-arresting Kumar for a period of 14 days to ensure that this habeas remedy is effective. If the Government later detains Kumar under 8 U.S.C. §1226(a), it will be required to provide him with notice and, within 10 days, a bond hearing before an immigration judge, who shall provide an individualized assessment as to whether he poses a flight risk or a danger to the community. If Kumar is re-detained under §1226(a) and the Government fails to schedule a timely bond hearing, he will be permitted to reopen this matter. Respondent will be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746

confirming that Kumar has been released from custody. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

**DATE:** 8/17/26
26-1615-01